*1224 OPINION.
MoeRis:
The petitioner’s right to file a consolidated return has been conceded by the respondent and has been agreed to by stipulation of the parties; therefore, we are concerned solely with the question of whether the respondent erred in disallowing as a deduction, in the computation of net income for 1919, certain additional compensation paid to employees of the Crocker Lake Logging Co.
The petitioner contends that the Crocker Lake Logging Co., through its officers, contracted to pay its employees 35 per cent of its net profits and that, therefore, in view of the fact that the books of the company are kept on the accrual basis, it is entitled to deduct the entire 35 per cent in the computation of net income for 1919, notwithstanding a portion of that sum was not paid to said employees until 1920. The respondent, on the other hand, contends that any agreement entered into with these employees was in effect an agreement by the two main stockholders that the employees receive, in their stead, the profits to wh,ich they were rightfully entitled on their stock, to the extent of 35 per cent, and he cites in support of his proposition the fact that stock of the corporation was transferred to the names of the employees. All presumptions that may have arisen by reason of the transfer of the corporate stock to the employees have, in our opinion, been overcome by evidence as to the true nature of the transaction.
Section 234 (a) (1) of the Revenue Act of 1918 provides in part as follows:
That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:
(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered * * ®. •
The reasonableness of the amounts claimed as deductions by the petitioner is undisputed.
Respondent’s counsel complains that there was no formal corporate action and he ,in effect says there was no informal corporate action. This argument is wholly unsupported by the record. While str.ict formalities were dispensed with and while the payments in 1919 and 1920 were improperly recorded in the books of account, the testimony is clear that the Crocker Lake Logging Co. agreed, through its officers, to pay these five employees certain specified percentages of its net income in addition to their regular salaries; that the agreement was ratified and agreed to by all of the officers and directors of the company, and that the services were actually rendered pr.ior to the close of December 31, 1919, and the sums agreed to be paid were in fact *1225 paid in 1919 and 1920. Therefore, since the respondent’s counsel expressly admits that the reasonableness ox the sum claimed as a deduction is not in dispute, we are of the opinion that section 234 (a) (1), supra, has been complied with.
Since the petitioner’s books are kept on the accrual basis, the total amounts of $14,882.50 and $21,600, paid in 1919 and 1920, respectively, are deductible in 1919 in the computation of net income for that year.
Judgment will ~be entered on 15 days' notice, under Rule 50.